**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MANUEL AGUILAR-ORELLANA, AKA Victor Aguilar, AKA Victor Manuel Orellana Aguilar, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-72683 Agency No. A095-729-459 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Victor Manuel Aguilar-Orellana, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and protection under the Convention

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for substantial evidence the agency's factual findings. *Zehatye v.*

*Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss

in part the petition for review.

Substantial evidence supports the BIA's finding that Aguilar-Orellana failed

to establish his past experiences with gang members in El Salvador rose to the

level of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003),

or that it is more likely than not he would be persecuted in El Salvador on account

of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir.

2009). We lack jurisdiction to consider the particular social group Aguilar-

Orellana proposes for the first time in his opening brief. *See Barron v. Ashcroft*,

358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claim in

administrative proceedings below). Thus, Aguilar-Orellana's withholding of

removal claim fails.

Substantial evidence also supports the BIA's denial of Aguilar-Orellana's

CAT claim because he failed to establish that it is more likely than not that he

would be tortured by or with the consent or acquiescence of the government if

returned to El Salvador.   *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**